## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**J&J SPORTS PRODUCTIONS, INC.,**

       **Plaintiff,**

**v.**                        **Civil Action No. 3:12-CV-0971-N-BK**

**JUSTINO VALDEZ,**

       **Defendant.**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been assigned to the undersigned for pretrial management.  (Doc. 5).

Plaintiff filed its complaint on March 28, 2012, seeking damages under the Federal

Communications Act of 1934, 47 U.S.C. §§ 553, 605.  (Doc. 1).  Plaintiff alleges, *inter alia*, that

Defendant illegally broadcast a closed-circuit telecast of a prize fight in Defendant's bar,

restaurant, or other commercial establishment, without first obtaining the permission of Plaintiff,

the authorized license company.  *Id.*  Plaintiff seeks statutory damages, pre- and post-judgment

interest, a permanent injunction, and attorneys' fees and costs.

Despite being properly served (Doc. 6), Defendant has failed to answer or otherwise

respond to the complaint.  Upon Plaintiff's request, the Clerk of the Court entered default on

August 29, 2012.  (Doc. 11).  Plaintiff now seeks default judgment against Defendant.  (Doc. 10).

After reviewing Plaintiff's *Motion for Default Judgment* (Doc. 10), the evidence submitted in

support, and the applicable law, it is recommended that the motion be GRANTED.

The conditions upon which default may be entered against a party, as well as the

procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of

Civil Procedure.  The entry of default judgment is the culmination of three events: (1) default,

which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the clerk for a default judgment after the entry of default.  FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  Each of those requisites is met here.

In order to establish liability under 47 U.S.C. § 605, as alleged in the complaint, Plaintiff must show that the "Tijuana Thunder": Julio Cesar Chavez Jr. v. Luciano Cuello, WBO Latino Light Middleweight Championship Fight Program ("the Event") was shown in Defendant's commercial establishment and that such exhibition of the Event was not authorized by Plaintiff. *See J&J Sports Prods. v. Q Café, Inc.*, 2012 WL 215282 at *3 (N.D. Tex. Jan. 25, 2012) (Lindsay, J.) (citing *KingVision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999)).  Because Defendant has defaulted, the factual allegations in Plaintiff's complaint are taken as true. *United States v. Shipco General*, 814 F.2d 1011, 1014 (5th Cir. 1987) (stating that after the defendant's default is entered, the plaintiff's well pleaded factual allegations are taken as true).

Thus, the Court finds that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605, based on Defendant's unlicenced and unauthorized interception and broadcast of the Event on March 28, 2009.  (Doc. 1; 10-1).  The Court further finds that the statutory damages sought by Plaintiff are both permitted and just, as Defendant's violation was willful and for purposes of commercial advantage or private financial gain. *See* 47 U.S.C. §§ 605(e)(3)(C).  Finally, the Court finds that the attorney fees, costs, post-

2

judgment interest, and injunctive relief sought by Plaintiff are also permitted and reasonable

based on the facts and circumstances of this case.  *See* 47 U.S.C. §§ 605(e)(3)(B).

Accordingly, it is recommended that the Court enter Plaintiff's proposed default

judgment (Doc. 10-2).

**SIGNED** August 31, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties
in the manner provided by law.  Any party who objects to any part of these findings, conclusions
and recommendation must file specific written objections within 14 days after being served with
a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection
must identify the specific finding or recommendation to which objection is made, state the basis
for the objection, and specify the place in the magistrate judge's findings, conclusions and
recommendation where the disputed determination is found.  An objection that merely
incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific written objections will bar the aggrieved party from appealing the factual
findings and legal conclusions of the magistrate judge that are accepted or adopted by the district
court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79
F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3